## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA

In re: **Patricia Maria Murillo**

Case No. **13-40093**

**CHAPTER 13 PLAN - SECOND AMENDED**

Debtor(s).

1. The future earnings of the debtor(s) are submitted to the supervision and control of the trustee, and the debtor(s) will pay to the Trustee the sum of $ **200.00 *** each month for **60** months.
   Debtor(s) elect a voluntary wage order. _____.

2. From the payments received, the Trustee will make disbursements in accordance with the Distribution Guidelines as follows:
   (a) On allowed claims for expenses of administration required by 11 USC §507.
   (b) On allowed secured claims, which shall be treated and valued as follows:

   | §506 | Non §506 | Name | Value of Collateral | Claim Amount | Pre-confirmation Adequate Protection | Post confirmation Payments | Estimated Mortgage Arrears | Interest Rate (If Specified) |
   |---|---|---|---|---|---|---|---|---|
   | | | -NONE- | | | | | | |

   With respect to secured claims per §506, valuation stated shall bind unless a timely objection to confirmation is filed. With respect to non §506 secured claims as referenced in §1325, the claim, to the extent allowed, shall control. If an interest rate is not specified, 5/6% per month (10% per annum) will be paid. A secured creditor shall retain its lien until the earlier of the payment of the underlying debt determined under non-bankruptcy law or discharge under section §1328.

   (c) On allowed priority unsecured claims in the order prescribed by 11 USC § 507. Priority claims shall be paid in full except to the extent allowed otherwise under 11 U.S.C. § 1322(a)(4).
   (d) On allowed general unsecured claims the debtor(s) estimate(s) the general unsecured claims will be paid **Pro Tanto** %.

3. The following executory contracts are rejected. The debtor(s) waive the protections of the automatic stay provided in 11 U.S.C. § 362 to enable the affected creditor to obtain possession and dispose of its collateral without further order of the court. Any allowed unsecured claim for damages resulting from rejection will be paid under paragraph 2(d).
   **American Honda Finance**      **$685 per month, Began 2/28/2011 and Ends 2/28/2015**

4. The debtor(s) will pay directly the following fully secured creditors and lessors:

   | Name | Monthly Payment |
   |---|---|
   | **CitiMortgage** | **2,999.17** |
   | **Wells Fargo Home Mortgage** | **2,698.00** |

5. The date this case was confirmed will be the effective date of the plan.

6. The debtor(s) elect to have property of the estate revest in the debtor(s) upon plan confirmation. Once the property revests, the debtor(s) may sell or refinance real or personal property without further order of the court, upon approval of the Chapter 13 Trustee.

7. The debtor(s) further propose pursuant to 11 USC § 1322(b):
   **\*The plan is a step plan or has lumpsum payments which will pay as follows: $200.00 per month for 3 months, then $475.00 per month for 57 months**

   **The Deed of Trust with CitiMortgage, Inc. (hereinafter Creditor) encumbers the real property located at 20875 CHESTER STREET CASTRO VALLEY, CA 94546 ("Subject Property"), and secures a loan that is the subject of a currently pending application to modify loan. The Trustee shall not disburse anything toward Creditor's claim for pre-petition arrears while the currently pending application remains under review. If Creditor denies the pending application to modify loan, or if no decision is made by Creditor within one year of the bankruptcy petition filing date - whichever occurs sooner - Debtor shall promptly (within 30 days) file an amended/modified Plan providing in Section 2(b) for the full payment of Creditor's pre-petition arrears. Debtor's pre-petition arrears are listed in Creditor's Proof of Claim in the amount of $58,174.64. In the alternative, if and when the pending loan modification application is denied, Debtor may file an amended Plan providing for the surrender of the Subject Property.**

   **Loan Modification [Wells Fargo Home Mortgage]: Debtor(s) shall attempt to obtain a loan modification on the first mortgage loan on Debtor's property located at 4791 Hillside Drive, Castro Valley, CA 94546, which loan is held and/or serviced by Wells Fargo Home Mortgage. The Trustee shall not make plan disbursements for this loan. If Debtors are not successful in obtaining a loan modification on this loan within twelve months from the date that they filed for bankruptcy, Debtors shall, within 60 days of receipt of the loan modification denial letter, either: (1) modify their chapter 13 plan so that pre-filing arrears on this loan are repaid through the plan, or (2) stipulate to relief from stay for the holder of this loan.**

In re: **Patricia Maria Murillo**     Case No. **13-40093**

**CHAPTER 13 PLAN - SECOND AMENDED - Continuation Sheet**

Debtor(s).

Dated: **April 25, 2013**     **/s/ Patricia Maria Murillo**
                                          (Debtor)                    (Debtor)

I/We **Stan E. Riddle** am/are legal counsel for the above named debtors(s) and hereby certify that the foregoing Chapter 13 Plan is a verbatim replica of this N.D. Cal., Oakland Division Model Chapter 13 Plan (October 2005), promulgated pursuant to B.L.R. 1007-1.

                                                                  **/s/ Stan E. Riddle**
                                                                  Attorney for Debtor(s)